SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CSBN 202121)
Chief, Oakland Division

H. H. (SHASHI) KEWALRAMANI (TXSBN 796879)
Assistant United States Attorney

1301 Clay Street. Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
Facsimile: (510) 637-3724
Email: shashi.kewalramani@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00383 WDB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | PLEA AGREEMENT |
| ) | |
| IRMA OLMO CARAIG, ) | |
| a/k/a Concepcion Luna Reyes, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

I, Irma Olmo Caraig, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1.      I agree to plead guilty to the sole count of the captioned information charging me with possession of false identification with intent to defraud the United States, in violation of 18 U.S.C. § 1028(a)(4). I agree that the elements of the offense and the maximum penalties are as follows: (1) the defendant was knowingly in possession of an identification document (other than one issued lawfully for the use of the possessor) or a false identification document; and (2) the

PLEA AGREEMENT

defendant had the intent to use such identification document to defraud the United States.

      a.      Maximum prison sentence      1 year

      b.      Maximum fine      $100,000

      c.      Maximum supervised release term      1 year

      d.      Mandatory special assessment      $25

      e.      Possible Deportation

2.      I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true:

I knowingly possessed an identification document, namely a Filipino passport in the name of "Concepcion Luna Reyes," at the American Embassy in Manila. With the knowledge that this document was not issued for my use, on or about September 14, 2005, I subsequently submitted the Filipino passport of "Concepcion Luna Reyes" to the United States Embassy to fraudulently obtain a United States visa in the name of "Concepcion Luna Reyes" for my use.

3.      I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession; and to pursue any affirmative defenses and present evidence.

4.      I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5.      I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582 at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6.      I agree not to ask the Court to withdraw my guilty plea at any time after it is

PLEA AGREEMENT

entered.

7. I agree that the Court will calculate my sentencing range under the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

  a. Base Offense Level, U.S.S.G. § 2L2.2(a)    8
  b. Acceptance of responsibility, U.S.S.G. § 3E1.1(a) -2
                     ---
  c. Adjusted offense level           6

I agree that a sentence within the applicable Guideline range is reasonable and that I will not seek a sentence below the applicable Guideline range. I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offense or the sentencing decision. I also agree that the Court is not bound by the Sentencing Guidelines calculations above, the Court may conclude that a higher guideline range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty plea.

8. I agree that I will make a good faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the court, government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial

PLEA AGREEMENT

3

release (if any); intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this agreement, including those set forth in paragraphs 12 through 14 below, but I will not be released from my guilty plea.

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12. The government agrees to move to dismiss any open charges pending against the defendant in the captioned information at the time of sentencing.

13. The government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned information.

14. The government agrees to recommend the Guidelines calculations set out above as well as the joint sentencing recommendation set out below in paragraph 15.

Joint Sentencing Recommendation

15. The parties agree to jointly recommend the following sentence:

    a. Two years probation, and

    b. Payment of the special assessment fee of $25. I agree that I will pay this to the Clerk of Court on the day I am sentenced.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

PLEA AGREEMENT

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

19. I confirm that I read this entire plea agreement in the presence of my attorney.

Dated: _____      _____
                           IRMA OLMO CARAIG
                           Defendant

           _____
                           SCOTT N. SCHOOLS
                           United States Attorney

Dated: _____      _____
                           H. H. (SHASHI) KEWALRAMANI
                           Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights she is giving up by pleading guilty, and, based on the information now known to me, her decision to plead guilty is knowing and voluntary.

Dated: _____      _____
                           JOYCE LEAVITT
                           Attorney for Defendant

INTERPRETER CERTIFICATION

I, _____, hereby certify that I am a Tagalog interpreter and that I accurately translated this plea agreement to the defendant, she told me that she understood it, and I believe her answer was true and correct.

Dated: _____      _____
                           Interpreter's Signature

PLEA AGREEMENT
5